UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER STUBL,

        Plaintiff,                              Case No. 2:08-cv-10

v.                                             Honorable Robert Holmes Bell

BARAGA MAXIMUM CORRECTIONAL
FACILITY et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff is presently incarcerated at the Baraga Maximum Correctional Facility (AMF). Plaintiff alleges that the sink in his cell runs continuously and leaks, and on occasion his toilet malfunctions causing water to spray onto the floor. The sink and toilet are manufactured by the Bradley Company. On October 11, 2007, because of water on his cell floor, Plaintiff slipped and fell, sustaining a concussion and swollen right hand. For two months, prison employees failed to prepare an incident report. After Plaintiff filed a grievance, he was given a video-taped interview. However, he was called to the interview in the medical department without notice or his permission; furthermore, he did not consent to video-taping the interview. A prison employee allegedly falsified the incident report because of liability concerns.

Plaintiff's asserted claims include product liability, personal injury, dangerous and defective physical condition of the building, negligence of duty, and due process violations. He brings this action against AMF, Correctional Medical Services, Inc. (CMS), the State of Michigan, the Bradley Company, Michigan Department of Corrections (MDOC) Director Patricia Caruso, and twelve MDOC employees. For relief, he seeks damages in the amount of $150,000 and all medical costs.

II. <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.      State of Michigan and Baraga Maximum Correctional Facility

Plaintiff brings his claims under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any "person" who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must allege two elements: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Street,* 102 F.3d at 814. Neither a State nor its departments and agencies are persons within the meaning of § 1983, *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989). AMF is an administrative unit of the MDOC. *Id.* at 71. Therefore, neither the State of Michigan nor AMF may not be sued in federal or state court under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

Moreover, the Eleventh Amendment to the United States Constitution provides sovereign immunity for the States and their agencies, thereby barring suits for money damages against the State of Michigan unless either: (1) the United States Congress expressly abrogates Eleventh Amendment immunity by federal statute; or (2) the State of Michigan gives its unequivocal, express consent to being sued under 42 U.S.C. § 1983 and waives its Eleventh Amendment sovereign immunity. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98-101(1984); *Johnson v. Unknown Dellatifa,* 357 F.3d 539, 545 (6th Cir. 2004); *Johnson v. Unknown Irvine,* 79 F. App'x. 154, 155 (6th Cir. 2003); *Nelson v. Miller,* 170 F.3d 641, 646 (6th Cir. 1999); *Doe v. Wigginton* 21 F.3d 733, 736-37 (6th Cir. 1994).

The United States Congress has not abrogated Eleventh Amendment immunity for the States in civil actions brought under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Hutsell v. Sayre,* 5 F.3d 996, 999 (6th Cir.1993); *Cowan v. University of Louisville School of Medicine,* 900 F.2d 936, 940-41 (6th Cir.1990). Nor has the State of Michigan waived its Eleventh Amendment immunity from suit in actions brought under 42 U.S.C. § 1983, or consented to being sued in the federal courts for money damages by state prisoners. *Johnson*, 357 F.3d at 545; *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, Plaintiff is barred by the Eleventh Amendment from bringing suit against the State of Michigan or AMF.

### B. Correctional Medical Services, Inc.

Plaintiff's claim against CMS must also fail because a corporation cannot be liable for an individual Defendant's actions based upon a theory of respondeat superior or vicarious liability. It is well established that a plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818 (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). A plaintiff that sues a private or public corporation for constitutional violations under § 1983 must establish that a policy or custom caused the alleged injury. *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Street*, 102 F.3d at 818. The Sixth Circuit has specifically held that like a municipal corporation, CMS's liability must also be premised on some policy that caused a deprivation of a prisoner's Constitutional rights. *See Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001). Plaintiff has not pleaded facts demonstrating that actions taken by any Defendant, which caused Plaintiff to be deprived of a constitutional right, were taken pursuant to CMS policy. Thus, because CMS is not liable under a theory of respondeat superior for Defendants' alleged actions, I recommend that this claim be dismissed.

### C. Defendant Caruso

Plaintiff fails to make specific factual allegations against Director Caruso. It appears Plaintiff has named Defendant Caruso on the theory that she was responsible for the prison and should have taken steps to prevent or rectify the condition of Plaintiff's sink and toilet. A claimed constitutional violation, however, must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Plaintiff has not alleged facts demonstrating that Defendant Caruso engaged in active unconstitutional conduct. Consequently, he fails to state a claim against her.

### D. Due Process

Plaintiff alleges that he was denied due process when: (1) without his permission or prior notice, he was interviewed regarding his slip-and-fall; (2) the interview was video-taped without his permission; (3) an incident report was not prepared until two months after the incident; and (4) a prison employee falsified the incident report. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). Absent a protected liberty or property interest, there can be no federal procedural due process claim. *See Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 579 (1972)); *Midkiff v. Adams County Reg. Water Dist.,* 409 F.3d 758, 762 (6th Cir.2005) (stating that "[f]or a procedural due process claim, a plaintiff must establish a constitutionally protected liberty or property interest and show that such an interest was deprived without appropriate process."). Plaintiff has failed to identify any liberty or property interest protected by the Due Process Clause that he was deprived of by the alleged actions. Thus, he has failed to state a procedural due process claim.

In addition, the Substantive Due Process Clause does not provide any basis for relief. "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir.1993)); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). Because Plaintiff's allegations fail to meet this formidable standard, he fails to state a claim that his substantive due process rights were violated. Accordingly, I recommend that the due process claim be dismissed.

E.   **Eighth Amendment - conditions of confinement**

Plaintiff alleges that Defendants were aware that the sink and toilet in his cell were defective, and that the defects caused water to spurt onto the floor of his cell. This, in turn, created the dangerous condition that caused Plaintiff's slip and fall on October 11, 2007. Although Plaintiff does not specifically assert an Eighth Amendment claim, he refers to Defendants' "deliberate indifference." Therefore, I construe Plaintiff's allegations as raising an Eighth Amendment claim based upon the conditions of his confinement.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, this standard does not impose constitutional liability on prison officials for every injury suffered by an inmate. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832

F.2d 950, 954 (6th Cir. 1987). First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. *Farmer*, 511 U.S. at 834. Second, the prison official's "state of mind [must be] one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). Accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839.

Federal courts have routinely held that wet and slippery prison floors, while potentially hazardous, do not amount to the denial of the minimal civilized measure of life's necessities. *See, e.g. Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (holding that "slippery floors constitute a daily risk faced by members of the public at large" and do not amount to cruel and unusual punishment); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (finding that wet prison floors did not create a sufficiently serious condition to violate the Eighth Amendment, and noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment"); *Denz v. Clearfield County*, 712 F.Supp. 65, 66 (W.D. Pa. 1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1216-17 (N.D.W.Va. 1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall). Moreover, attachments to Plaintiff's complaint reveal that Defendants were not deliberately indifferent to the water problems caused by Plaintiff's sink and toilet. According to the affidavits of an inmate housed near Plaintiff, he observed an officer "working on" the problem, and on a separate occasion he observed another officer shut off the water supply, clean up the water on the floor, and write a maintenance request. *See* Supplement, Affidavits

of Thomas A. Censke, pp. 1-4 (docket #3).  Accordingly, I recommend that the Eighth Amendment claim be dismissed.

### F. State law claims

Plaintiff brings state law claims of product liability, personal injury, and negligence of duty.  Section 1983, however, does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should generally be dismissed without reaching their merits.  *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991).  Accordingly, I recommend that the state law claims be dismissed without prejudice.

### G. Pending motions

Plaintiff filed a motion for preliminary injunction, four motions for discovery, a motion to require Defendants to post a surety bond, and a motion to stay proceedings to allow Plaintiff to retain counsel.  In light of the recommended disposition of this case, I recommend that the motions be denied as moot.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that Plaintiff's motion for preliminary injunction (docket # 28), motions for discovery (docket ## 11, 18, 23, 38), motion to require Defendants to post a surety bond (docket #39), and motion to stay proceedings (docket #37) be denied as moot.

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

       /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   June 5, 2008

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).