UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER STUBL,

        Plaintiff,

                                        File No. 2:08-CV-10

v.

                                        HON. ROBERT HOLMES BELL

BARAGA MAXIMUM CORRECTIONAL
FACILITY, et al.,

        Defendants.

                                        /

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

On June 5, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Roger Stubl's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. Plaintiff filed objections to the R&R on June 19, 2008.

This Court is required to make a *de novo* determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The R&R recommends dismissal of Plaintiff's complaint for failure to state a claim. Plaintiff does not object to the R&R's determination that he failed to state a claim against

certain defendants on the basis that they are not "persons" within the meaning of § 1983, they have sovereign immunity, or they cannot be held liable under a theory of respondeat superior or supervisory liability. Neither does Plaintiff object to the R&R's determination that he has failed to state a procedural or substantive due process claim. However, Plaintiff does object to the R&R's determination that he failed to state a claim against the remaining Defendants for an Eighth Amendment violation. Plaintiff contends that the dangerous condition of his cell could state a claim under the Eighth Amendment and that he will be able to prove that Defendants were deliberately indifferent to the condition of the cell.

It is undisputed that a prisoner could conceivably state an Eighth Amendment claim based upon dangerous conditions in his cell if the deprivation was sufficiently serious and the prison officials were deliberately indifferent to the inmate's health or safety. *Spencer v. Bouchard*, 449 F.3d 721, 727-28 (6th Cir. 2006). The R&R concludes, however, based upon the available case law, that Plaintiff's complaint that water leaked onto the floor of his cell does not allege a sufficiently serious deprivation to satisfy the first prong of an Eighth Amendment conditions of confinement claim. The Court agrees with this conclusion.

The Court has reviewed Plaintiff's amended complaint (Dkt. No. 47), his motion for leave to file amended complaint (Dkt. No. 49) and his motion to amend (Dkt. No. 71), and concludes that they do not resolve any of the deficiencies of his original complaint. Accordingly, Plaintiff's motions to amend his complaint will be denied.

Plaintiff also objects to the R&R's recommendation that this complaint count as a

strike for purposes of the three strikes rule. Plaintiff contends that his complaint should not count as a strike because he is complaining about being placed at a serious risk of harm based upon his living conditions while incarcerated in a state prison.

The Prison Litigation Reform Act of 1995 ("PLRA") prohibits a prisoner from bringing a civil action or appeal if the prisoner has "three strikes." 28 U.S.C. § 1915(g). The PLRA reads in pertinent part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The PLRA does not contain an exception from the three-strike rule for complaints raising particular kinds of issues. It merely provides that if a prisoner files a complaint that fails to state a claim on which relief can be granted, the complaint counts as a strike, regardless of the subject matter of the complaint or its degree of seriousness. Plaintiff filed a complaint that fails to state a claim on which relief can be granted. Accordingly, his complaint is properly counted as a strike under the statute. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 56) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions amend his complaint (Dkt. Nos. 49, 71) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 52) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that all of Plaintiff's pending motions, including his motion for preliminary injunction (Dkt. No. 28), motions for discovery (Dkt. Nos. 11, 18, 23, 38, 65, 68, 70, 73, 74, 76, 77, 80), motion to require surety bond (Dkt. No. 39), motion to stay proceedings (Dkt. No. 37), motion to amend to add defendants (Dkt. No. 54), motion to appoint counsel (Dkt. No. 62), motion for settlement (Dkt. No. 75), and motion to serve the complaint (Dkt. No. 83) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Dated: October 30, 2008                         /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE